

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

QIANA SMITH-WILLIAMS
Senior Corporation Counsel
qwilliam@law.nyc.gov
Phone: (212) 788-1580
Fax: (212) 788-9776

February 3, 2012

**BY ECF**
Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Deshaun Moody, et al. v. City of New York, et al.,
             11 Civ. 4326 (FB)(JMA)

Your Honor:

      I am a Senior Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendants in the above-referenced matter. Enclosed please find a duly executed Stipulation and Order of Settlement and Dismissal for Your Honor's endorsement and filing.

      Thank you for your consideration herein.

Respectfully submitted,

/s/

Qiana Smith-Williams (QS 2172)
Senior Corporation Counsel

cc:     Robert Marinelli, Esq. (By ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

DESHAUN MOODY and QUANETTA CHAPMAN,

                                                  Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
PHIL GLENN (SHIELD # 25978), JOHN DOES 1
through 4, individually and in their official capacities
(the name John Doe being fictitious, as the true names
are presently unknown),

                                                  Defendants.
----------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 4326 (FB) (JMA)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about September 8, 2011, alleging that the defendants violated plaintiffs' state law rights and civil rights pursuant to 42 USC § 1983; and

        **WHEREAS,** defendants City of New York and Officer Phil Glenn have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Deshaun Moody, the sum of Five Thousand ($5,000.00) Dollars and plaintiff Quanetta Chapman, the sum of Five Thousand ($5,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs each shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or

regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       February 3, 2012

| | |
|---|---|
| ROBERT MARINELLI<br>*Attorney for Plaintiff*<br>305 Broadway, 14th Floor<br>New York, New York 10007<br>(212) 822-1427 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants City of New York*<br>*and Phil Glenn*<br>100 Church Street, Rm. 3-176<br>New York, New York 10007 |
| By: _____<br>    Robert Marinelli<br>    *Attorney for Plaintiff* | By: _____<br>    Qiana Smith-Williams<br>    *Senior Corporation Counsel* |
| | SO ORDERED: |
| Dated: New York, New York<br>        _____, 2011 | _____<br>HON. FREDERIC BLOCK<br>UNITED STATES DISTRICT JUDGE |

4